IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES OLEN SIMPSON, JR., #224823, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:06-CV-921-MEF |
| | ) | |
| JERRY FERRELL, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by James Olen Simpson, Jr. ["Simpson"], a state inmate, on September 30, 2006. In this petition, Simpson challenges a conviction for leaving the scene of an accident involving injuries or death imposed upon him *in absentia* by the Circuit Court of Chambers County, Alabama on June 19, 2002. On July 31, 2002, the trial court sentenced Simpson, again *in absentia*, as a habitual offender to twenty (20) years imprisonment. By operation of law, Simpson's leaving the scene of an accident conviction became final in September of 2003.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] In support of this argument,

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

the respondents contend that because the challenged conviction became final **after** the effective date of the statute of limitations Simpson must have filed his § 2254 petition within a year of his conviction becoming final, exclusive of the time that any properly filed state post-conviction application was pending in the state courts. The respondents assert that Simpson failed to file a state post-conviction action which tolled the limitation period. As support for this assertion, the respondents maintain that Simpson did not file a Rule 32 petition challenging his conviction and content that the motions to reduce sentence filed on May 16, 2003 and November 24, 2004 had no affect on the running of the limitation period. Specifically, the limitation period was not tolled during the pendency of the motions to reduce sentence because (i) the initial motion was denied on June 5, 2003, prior to finality of judgment, and (ii) the second motion was not filed until after expiration of the limitation period. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations

2

period.  A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  Thus, the respondents maintain that "the one-year period [of limitation] expired [over two years] before the petition was filed."  *Respondents' Answer* at 6.

Upon review of the pleadings and evidentiary materials filed in this case, it is clear that Simpson failed to file the instant § 2254 petition within the one-year period of limitation mandated by applicable federal law.

Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later.  Where a petitioner preserves his right to file a  petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken.  *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *Nix v. Secretary for Dept. of Corrections*, 393 F.3d 1235, 1236 (11th Cir. 2004) ("Section 2244(d)(1)(A) provides that the one-year limitations period in which a state prisoner has to file a writ for habeas corpus begins to run from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'").  Accordingly, a state

court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme

Court denies certiorari or the time to apply for certiorari expires.  *Id*.  However, the ninety-

day period in which to seek certiorari from the United States Supreme Court will not count

towards the one-year period of limitation only when a petitioner preserves his right to seek

this relief.

The Circuit Court of Chambers County entered the leaving the scene of an accident

conviction upon Simpson on June 19, 2002.  The trial court imposed sentence upon

Simpson for this conviction on July 31, 2002.  Simpson filed a direct appeal and the

Alabama Court of Criminal Appeals affirmed his conviction by memorandum opinion on

August 29, 2003.  *See Respondents' Exhibit C*.  The petitioner did not further appeal this

conviction and the appellate court therefore issued the certificate of judgment on September

17, 2003.[2]  *See Respondents' Exhibit D*.  Since the petitioner failed to seek relief from the

Alabama Supreme Court, he forfeited his right to file a petition for certiorari with the

United States Supreme Court and the time for seeking review of his conviction therefore

lapsed upon expiration of the time for filing an application for rehearing -- fourteen (14)

days after issuance of the memorandum opinion affirming the conviction.  Rule 39(b),

*Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000),

*cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United*

---

[2]Where further action is not undertaken upon initial action by the appellate court, the certificate of judgment issues eighteen (18) days after issuance of the court's opinion.  Rule 41(a), *Alabama Rules of Appellate Procedure*.

*States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, Simpson's leaving the scene of an accident conviction became final, at the latest, on September 17, 2003 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." After completion of the appeal process, Simpson did not file any post-conviction action until November of 2004. In light of the foregoing, the court concludes that the one-year period of limitation began to run on September 18, 2003 and ran uninterrupted until it expired on September 18, 2004.

Simpson filed the instant petition for habeas corpus relief on September 30, 2006. Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired over two years prior to Simpson filing this § 2254 petition. In light of the foregoing, it is

ORDERED that on or before November 27, 2006 Simpson shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 3rd day of November, 2006.

5

_____/s/ Susan Russ Walker_____

SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE